IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LARRY E. EALY,** | : |
| | : |
| **Plaintiff,** | : |
| | : Case No. 2:08-CV-00755 |
| v. | : |
| | : JUDGE ALGENON L. MARBLEY |
| **MIKE RANKIN, et al.,** | : |
| | : MAG. JUDGE NORAH M. KING |
| **Defendants.** | : |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on motions to dismiss filed on behalf of all defendants. The first Motion to Dismiss (Doc. 13), filed on behalf of John Thompson ("Thompson"), Stephanie Cook ("Prosecutor Cook"),[1] and D.J. Zwiesler ("Officer Zwiesler") (collectively, "the Dayton Defendants") requested this Court dismiss the Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted. The second Motion to Dismiss (Doc. 15), filed on behalf of the Registrar of the Ohio Bureau of Motor Vehicles Mike Rankin and Bureau of Motor Vehicles employee Adele Rapelye (collectively, "the BMV Defendants") requested this Court dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

For the reasons set forth in below, this Court **GRANTS** both motions to dismiss.

---

[1] Plaintiff's First Amended Complaint names Cynthia Cook, Prosecuting Attorney, but there is no Dayton prosecutor named Cynthia Cook. The Dayton defendants' Motion to Dismiss assumed that the plaintiff meant to name Prosecutor Stephanie Cook.

## II. BACKGROUND

In March 2007 Dayton, Ohio police officer D.J. Zwiesler detained Plaintiff Larry Ealy ("Ealy") during a traffic stop. That traffic stop resulted in a summons for Ealy to answer charges of failure to signal, driving without using a safety belt, and driving without a license. The State of Ohio dismissed the driver's license count and the case proceeded to trial in the Dayton Municipal Court on the other charges. Ealy represented himself at the trial and was convicted of failure to signal, in violation of the Dayton Municipal Ordinances. Because Ealy did not produce proof of auto insurance to either Officer Zwiesler or the Dayton Municipal Court, the court informed the Ohio Bureau of Motor Vehicles ("Ohio BMV") of the conviction and lack of proof of insurance. The Ohio BMV suspended Ealy's driver's license under Ohio Revised Code § 4509.101.

Ealy brings this suit against the Dayton defendants under 28 U.S.C. §§ 1983, 1985, and 1986. Ealy claims that Officer Zwiesler unlawfully detained him in violation of the Fourth Amendment. Ealy further alleges that Prosecutor Cook conspired with Officer Zwiesler to violate Ealy's Fourth Amendment rights by transmitting a memorandum to Officer Zwiesler containing instructions to arrest Ealy if he appeared anywhere in the Dayton area. Ealy also claims that Thompson participated in the conspiracy by concealing or destroying the Municipal Court files and documents that Ealy needed to pursue an appeal. Ealy finally makes a host of state law claims against the BMV Defendants for imposing a driver's license suspension and for correcting a clerical error that temporarily deleted the suspension and the record of the conviction from his Bureau of Motor Vehicles abstract.

## III. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). However, the Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556).

# IV. LAW AND ANALYSIS

Ealy's First Amended Complaint must be dismissed as against all defendants. This Court will consider Ealy's claims as they relate to each defendant in turn.

## A. Officer Zwiesler

Ealy alleges that Officer Zwiesler detained him without probable cause. Ealy bases this conclusion on two arguments. First, Ealy claims that Officer Zwiesler characterized the behavior he witnessed that caused him to initiate the traffic stop differently in two areas of the ticket. Second, Ealy asserts that Officer Zwiesler initiated the traffic stop as a result of instructions from the Prosecutor and the county sheriff to arrest Ealy on sight.

Even assuming, as this Court must, that the factual allegations in the complaint are true, this Court must dismiss Ealy's complaint as it relates to Officer Zwiesler. First, the content of Ealy's complaint demonstrates that Officer Zwiesler did not characterize Ealy's failure to signal differently in different portions of the ticket. Ealy elected to include a copy of the ticket as an exhibit to his complaint. First Amended Complaint (Doc. 7), Exhibit 1. Under Fed. R. Civ. Pro. 10(c), "an exhibit to a pleading is part of the pleading for all purposes." On the ticket, Officer Zwiesler stated that he stopped Ealy's vehicle for failure to signal, in violation of Dayton City Ordinance 71.31, when Zwiesler witnessed the vehicle turn without signalling during the last 100 feet before turning. That failure was a violation of Dayton City Ordinance 71.31. Similarly, Ealy incorporated parts of Officer Zwiesler's trial testimony into his complaint by attaching a transcript of testimony as an exhibit. First Amended Complaint, Exhibit 3–17. That transcript makes it plain on the face of the complaint that Officer Zwiesler witnessed Ealy's failure to signal for the turn. *Id.* It is well-settled that an officer acts reasonably in seizing a vehicle and its

occupants when the officer witnesses a traffic violation. *Whren v. United States*, 517 U.S. 806, 810 (1996).

Ealy's allegation that the traffic stop was motivated by instructions from the prosecutor and county sheriff is equally unavailing. The Supreme Court has held that the constitutional reasonableness of a traffic stop does not depend on that actual motivations of the detaining officer. *Id.* at 813. Similarly, an arrest based on probable cause that a traffic violation has occurred is reasonable under the Fourth Amendment regardless of the arresting officer's subjective motivations. *Arkansas v. Sullivan*, 532 U.S. 769, 771–72 (2001). Even assuming that Officer Zwiesler stopped Ealy at the direction of the sheriff and prosecutor, Officer Zwiesler did not violate Ealy's Fourth Amendment rights because he had probable cause to make the traffic stop based on the traffic violation he witnessed.

Because Officer Zwiesler did not violate Ealy's Fourth Amendment rights, Ealy's complaint states no claim against Officer Zwiesler upon which relief can be granted. Accordingly, this Court **GRANTS** the Dayton defendants' Motion to Dismiss all claims against Officer Zwiesler.

**B. Prosecutor Cook**

Ealy alleges that Prosecutor Cook acted improperly by initiating and prosecuting criminal charges against him. That claim is barred by Prosecutor Cook's absolute immunity.

A prosecuting attorney is entitled to absolute immunity from claims relating to her actions in initiating and pursuing a criminal prosecution. *Imbler v. Pactman*, 424 U.S. 409, 427 (1976) (Prosecutors have the same absolute immunity under § 1983 as at common law). That absolute immunity is a reason for dismissal as long as the prosecutor's actions were within the

scope of the immunity. *Id.* at 419 n. 13. Here, Ealy alleges that Prosecutor Cook acted improperly by having him charged with a crime and prosecuting him on that charge. That claim is barred by Prosecutor Cook's prosecutorial immunity. *Id.*

Because Prosecutor Cook enjoys absolute immunity from Ealy's claims relating to her role as prosecuting attorney, Ealy's complaint states no claim against Prosecutor Cook upon which relief can be granted. Accordingly, this Court **GRANTS** the Dayton defendants' Motion to Dismiss all claims against Prosecutor Cook.

### C. Thompson

Ealy alleges that Thompson prevented Ealy from appealing his conviction by removing Ealy's Notice of Appeal and Affidavit of Indigence from the Dayton Municipal Court's records while acting as a Bailiff in the Dayton Municipal Court. Ealy further alleges that Thompson conspired to send the wrong conviction date to the Ohio Bureau of Motor Vehicles, causing Ealy's license to be improperly suspended.

Ealy attached documents to his complaint showing that he was in fact able to appeal his conviction to the Ohio Court of Appeals for the Second District. First Amended Complaint, Exhibit 25; *Dayton v. Ealy*, Case No 22635 (March 21, 2008). Ealy also attached documents to his complaint showing that the incorrect conviction date recorded by the Ohio Bureau of Motor Vehicles was corrected on the order of the Dayton Municipal Court. *Id.*, Exhibit 27; *Dayton v. Ealy*, Case No. 07 TRD 5411 (April 10, 2008). In light of those documents, this Court finds that Ealy's complaint does not raise more than "the mere possibility of misconduct" and does not state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556).

Because Ealy's allegations against Thompson do not rise above the level of mere speculation, Ealy has failed to state a claim against Thompson upon which relief may be granted. Accordingly, this Court **GRANTS** the Dayton defendants' Motion to Dismiss all claims against John Thompson.

### D. The BMV Defendants

Ealy alleges a host of state law violations by the BMV Defendants, including state claims of conspiracy, racketeering, and wire fraud. This Court lacks jurisdiction over the subject matter of Ealy's claims against the BMV defendants because Ealy has only made state law claims against those defendants and there is no other ground upon which this Court might exercise jurisdiction over those claims.

Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is well settled that Congress has vested original subject matter jurisdiction in the federal courts in two instances. First, federal courts have original jurisdiction in diversity actions, which includes "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332.[2] Second, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This type of jurisdiction is commonly referred to as federal question jurisdiction.

Federal Rule of Civil Procedure 12(h)(3) instructs that "[w]henever it appears by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The party that invokes federal jurisdiction has the burden of

---

[2] It is undisputed in this case that both Plaintiff and Defendant are citizens of Ohio. It is clear, therefore, that the Court does not have diversity jurisdiction over this matter.

establishing its existence. *Moir v. Greater Cleveland Reg'l Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may attack the complaint on its face or may go beyond the complaint and challenge the factual existence of subject matter jurisdiction. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005); *see also* Fed. R. Civ. P. 12(b)(1). In this case, the BMV Defendants have chosen to attack the complaint on its face.

Ealy's claims against the BMV Defendants are spelled out clearly in his complaint. Ealy alleges the violation of numerous Ohio Revised Code sections. Since those claims are under the specified state laws, Ealy's claims do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Even if this Court were to construe Ealy's claims against the BMV Defendants as arising under section 1983, this Court would lack subject matter jurisdiction. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United
> States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (2000). Thus, the statute is limited to deprivation of *federal* statutory and constitutional rights, and does not cover official conduct that allegedly violates *state* law. *Huron Valley Hosp. Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989); *Michael v. Ghee*, 498 F.3d 372, 375–76 (6th Cir. 2007) (following *Huron Valley Hosp.*).

Because this Court lacks subject matter jurisdiction over all of Ealy's claims against the BMV defendants, this Court **GRANTS** the BMV Defendants' Motion to Dismiss.

## V. CONCLUSION

For the foregoing reasons, this Court **GRANTS** the Dayton defendants' Motion to Dismiss and **GRANTS** the BMV defendants' Motion to Dismiss. This case is **DISMISSED**.

**IT IS SO ORDERED.**

    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATED: November 17, 2009**